RECEIVED
IN LAKE CHARLES, LA.

JUN - 1 2011

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| HARRY STEVENS, JR. | : | DOCKET NO. 2:11 CV 344 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| LAKE CHARLES COCA- COLA BOTTLING COMPANY, ET AL. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss Pursuant to Rule 12(b)(6) filed by the defendant, Coca-Cola Bottling Company United, Inc. (CCBCU")[1] (Rec. Doc. 6). The plaintiff, Harry Stevens, Jr. ("Stevens") filed an Opposition (Rec. Doc. 10) and CCBCU filed a Reply (Rec. Doc. 18).

CCBCU asserts that the plaintiff's breach of contract claims under the Labor Management Relations Act ("LMRA") have prescribed. Therefore, Stevens cannot, as a matter of law, state a claim upon which relief may be granted.

Rule 12(b)(6) Standard

A motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of a plaintiff's allegations. Fed. R. Civ. P. 12(b)(6). When ruling on a 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and construes all reasonable inferences in a light most favorable to the plaintiff or nonmoving party. *Bell Atl. Corp. v. Twombly,*127 S. Ct. 1955, 1965 (2007). To avoid dismissal under a Rule 12(b)(6) motion, plaintiffs

---

[1] The Independent Coca-Cola Employees' Union of Lake Charles, No. 1060 ("the Union") is also a defendant in this suit, but is not a party to this motion.

must plead enough facts to "state a claim to relief that is plausible on its face." *Id.* at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact)..." *Id.* at 1965. Accordingly, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

Facts

Stevens faxed his petition to the 14th Judicial District Court ("JDC") in Calcasieu Parish, Louisiana, on February 4, 2011 (Plaintiff's exhibit 1). The 14th JDC recorded the filing date as February 7, 2011 (Plaintiff's exhibit 2) because the court was ordered closed at noon on February 3 and all day February 4, 20011 due to hazardous weather (Plaintiff's exhibit 3). The plaintiff asserts the petition was filed February 7, 2011. CCBCU asserts the complaint was filed on February 9, 2011.

Undisputed is the fact that CCBCU and the Union were under a collective bargaining agreement which contained an arbitration clause. This arbitration clause was in effect when Stevens's employment with CCBCU was terminated. Stevens's employment was terminated on February 18, 2010, for an alleged violation of the collective bargaining agreement. (CCBCU exhibit 1, ¶4). Stevens, in turn, claims in the suit that CCBCU breached the collective bargaining agreement by wrongly calculating a six (6) month leave period due to injury. (CCBCU exhibit 1, ¶5).

Stevens further alleges that he sought help from the Union in utilizing the collective bargaining agreement's grievance procedure, but the Union breached its duty of fair representation by perfunctorily processing the grievance, being grossly negligent in failing to timely file the

grievance, and acting arbitrarily and in bad faith in processing/filing the grievance. (CCBCU exhibit 1, ¶6). The plaintiff acknowledges that CCBCU denied the grievance on the basis that it was untimely based upon the articles of the agreement. (CCBCU exhibit 1, ¶7). Stevens asserts that CCBCU breached the agreement by rejecting the filing of the grievance. (CCBCU exhibit 1, ¶8).

## Jurisdiction

§301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), allows parties to sue in federal court for breaches of collective bargaining agreements.

## Analysis

Stevens is seeking to raise a "hybrid" action against both his employer, CCBCU, for breaching the collective bargaining agreement in violation of § 301 of the Labor Management Relations Act, and his Union for breaching its duty of fair representation in redressing his grievance against CCBCU. The statute of limitations for such a claim is six months, and begins to run when the employee knew or should have known of the breach of the duty of fair representation. *See White v. White Rose Food,* 128 F.3d 110, 114–15 (2d Cir.1997) (discussing hybrid claims); *DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 169 (1983) (discussing statute of limitations period). Here, Stevens was terminated on February 18, 2010, and filed his original complaint a year later, in February, 2011.

The issue becomes when Stevens knew or should have known of the breach. CCBCU argues the Stevens's suit is untimely because on March 3, 2010[2] CCBCU rejected the grievance as untimely.

---

[2] There is a typographical error in CCBCU's brief stating a date of March 10, 2011, a date after the petition was filed.

CCBCU argues that Stevens had six months from that date, or until September 3, 2010, to file a timely petition.

In support of his position, Stevens attaches an affidavit which asserts that he did not realize that CCBCU's actions allegedly violated the law until August 6, 2010. The plaintiff argues that the applicable six month period did not begin running until that date, making the prescription date February 6, 2011.

In ruling on a 12(b)(6) motion, the court may consider the complaint and very few other materials. Extrinsic materials that may be considered include exhibits attached to the petition and documents that the petition incorporates by reference.[3] To consider the substance of the affidavit submitted by Stevens, this court would have to convert this motion to a Rule 56 motion for summary judgment. This court has determined, however, that this motion can be resolved on the face of the pleadings as a Rule 12(b)(6) motion because Stevens's affidavit is insufficient to defeat the motion.

It is uncontested that the statute of limitations period applicable to this case is six months. The statutory period begins to run when the plaintiff either knew or should have known of the injury itself, i.e., the breach of duty of fair representation, rather than of its manifestations. *Farr v. H.K. Porter Co.*, 727 F.2d 502, 505 (5th Cir.1984). The only breaches of duty of fair representation by the union that Stevens alleges in his petition occurred after his termination by CCBCU in February 2010. Since, according to his own allegations, the union's only breach of its duty to represent him fairly occurred in filing the grievance, it is clear that the six-month limitations period began to run once these alleged breaches were known or should have been known to him. We need not decide whether

---

[3] Federal Rules of Civil Procedure, Baicker-McKee, Rule 12(b)(6), p. 442.

these breaches were known when the grievance was filed by the Union or when CCBCU rejected the grievance as untimely in March, 2010; in either event, the six-months period had long-since passed when he filed his petition in February 2011. *Barrett v. Ebasco Constructors, Inc.*, 868 F.2d 170, 171 ( 5th Cir. 1989).

Stevens argues that the six month limitations period should begin to run in August 2010 when he consulted an attorney and was advised that the defendant's actions purportedly violated the law. There is, however, no applicable jurisprudence to support this position. The limitations period begins to run when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the acts that form the basis of the duty of fair representation claim. *See Barrow v. New Orleans Steamship Ass'n*, 10 F.3d 292, 300 (5th Cir.1994); *Hebert v. Gen. Truck Drivers, Chauffeurs, Warehousemen and Helpers, Local 270*, No. Civ.A. 03-1744, 2004 WL 1597144, at *5 (E.D.La. July 16, 2004). The acts forming the basis of Stevens's suit were the allegedly improper termination and the resulting allegedly untimely grievance by the Union. Accordingly, the latest possible date to have filed a timely petition would have been September, 2010. This petition was filed in February, 2011, and is untimely. The defendant's motion to dismiss will be granted.

Lake Charles, Louisiana, this 31 day of May, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE